# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1477V**
UNPUBLISHED

WENDY WHITE on behalf of her deceased spouse, RONNIE WHITE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 25, 2026

*Kathleen M. Loucks*, Siri & Glimstad, LLP, Minneapolis, MN, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 4, 2025, Wendy White filed a petition for compensation on behalf of her deceased spouse, Ronnie White, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that Mr. White developed Guillain-Barré syndrome from an influenza vaccine he received on November 4, 2022, and ultimately died of the condition. ECF No. 1. Due to Petitioner's failure to prosecute the claim, this case is **DISMISSED**.

### Relevant Procedural History

On September 8, 2025, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5. Petitioner has not yet filed any medical records or other supporting documentation.

On June 2, 2026, Petitioner's counsel filed a status report stating that "Petitioner has decided that she does not want to be appointed as Personal Representative in order to maintain a claim for Ronnie White's vaccine injury." ECF No. 12.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 3, 2026, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute and required Petitioner's counsel to clarify whether anyone other than Wendy White has been or intends to be appointed as the personal representative of Ronnie White's estate. ECF No. 13.

On July 1, 2026, Petitioner's counsel filed a status report detailing unsuccessful attempts to locate another next of kin for Ronnie White, who could potentially become the personal representative for the estate. ECF No. 14. The due date for responding to the Order to Show Cause has now passed.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. Due to the failure of Petitioner to establish an estate for Ronnie White and to obtain legal authority to act in a representative capacity for Ronnie White, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."